**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**GARY THOMAS,**

    Petitioner,

vs.

                                                                **CASE NO. 4:10cv276-RH/WCS**

**KENNETH S. TUCKER, Secretary,
Florida Department of Corrections,**[1]

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

    This is a petition for writ of habeas corpus filed by Gary Thomas pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges his conviction for sexual battery upon a child twelve years of age or older but less than eighteen years of age, by a person in familial or custody authority, case number 2004 CF 309,  in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida.  *Id.*

    Respondent filed a motion to dismiss the petition as untimely.  Doc. 18.  The motion was accompanied by the paper record.  Doc. 18.  References herein to exhibits

---

[1] On August 24, 2011, Kenneth S. Tucker succeeded Edwin G. Buss as the Secretary of the Florida Department of Corrections, and is automatically substituted as Respondent.  Fed.R.Civ.P. 25(d).

are to the paper record.  Petitioner filed a response to the motion.  Doc. 19.  Petitioner had also submitted argument in response to my order to show cause, doc. 5, why the petition should not be dismissed as untimely.  Doc.6.

**Legal analysis**

There is a one year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.[2]   A conviction is not final until the expiration of a 90 day period for seeking certiorari review in the United States Supreme Court, or the conclusion of such review, whichever is later.  Nix v. Secretary for Dept. of Corrections, 393 F.3d 1235, 1237 (11th Cir.  2004), *cert. denied*, 545 U.S. 1114 (2005); Pugh v. Smith, 465 F.3d 1295, 1298-1299 (11th Cir. 2006); Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003) (also noting that the 90 days is counted from the date of the opinion on direct appeal rather than the mandate).[3]  "[T]he limitations period should be calculated according to the "anniversary method," under

---

[2] The limitations period runs from the latest of specified dates, which also include (in addition to that quoted above): the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence.  § 2244(d)(1)(A)-(D).

[3] The 90 days for seeking certiorari runs from the date of the opinion, not the mandate, or (if a petition for rehearing is timely filed) from the denial of rehearing or (if rehearing is granted) the subsequent entry of judgment.  S.CT. RULE 13(3).  In computing time, the event that begins the period is excluded, and the last day is included unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed or inaccessible.  S.CT. RULE 30(1); FED.R.APP.P. 26(a); FED.R.CIV.P. 6(a).

which the limitations period expires on the anniversary of the date it began to run." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (citations omitted).

Petitioner's conviction was affirmed by opinion dated September 12, 2006.  Ex. Q.  Rehearing was denied on November 3, 2006.  Ex. Q.  Petitioner's conviction became final for AEDPA purposes 90 days later, on February 1, 2007.  *See also*, doc. 5, p. 2.

28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  "[T]he phrase 'collateral review' in § 2244(d)(2) means *judicial review of a judgment* in a proceeding that is not part of direct review."  Wall v. Kholi, __ U.S. __ 131 S.Ct. 1278, 1282, 179 L.Ed.2d 252 (2011) (emphasis added). "Viewed as a whole, then, 'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."  131 S.Ct. at 1285.  The Supreme Court in Kholi commented that a motion for post-conviction discovery or a motion for appointment of counsel, unlike the motion to reduce sentence before it, "generally are not direct requests for judicial review of a judgement, and do not provide a state court with authority to order relief from a judgment.."  131 S.Ct. at 1286, n. 4.  *See also*, Brown v. Secretary for Dept. of Corrections, 530 F.3d 1335, 1338 (11th Cir. 2008).  Consistent with Kholi, petitions for mandamus which do not seek "post-conviction or other collateral review" of the judgment of conviction do not toll the period.  *See also,* Moore v. Cain, 298 F.3d 361,

365-367 (5th Cir. 2002), *cert. denied*,537 U.S. 1236 (2003) (quoting § 2244(d)(2), other citations omitted).

On February 2, 2007, Petitioner filed in the state court a "petition for writ of habeas corpus" against the Secretary of the Florida Department of Corrections, seeking to compel his attorney to provide him a copy of the record on appeal. Ex. CC. The petition, treated as a petition for extraordinary relief, was denied as frivolous on April 19, 2007. *Id.* On April 30, 2007, Petitioner filed in state court a "petition for writ of mandamus" seeking to compel his former appellate counsel to provide him a copy of his record on direct appeal. Ex. R. It was denied as moot on November 30, 2007. *Id.* These petitions did not toll the time for filing a § 2254 motion because they were not applications for "collateral review with respect to the pertinent judgment." They only sought discovery.

On October 16, 2007, Petitioner filed a Rule 3.850 motion in state court. Ex. S. Respondent concedes that this motion tolled the AEDPA period until December 28, 2009, when the mandate issued denying the appeal from denial of the Rule 3.850 motion. Ex. AA; doc. 18, p. 14.

Thus, the AEDPA period ran from February 1, 2007, to October 16, 2007, a period of 256 days. The period begin to run again on December 28, 2009, and ran for another 109 days, until April 16, 2010, when it expired. This § 2254 petition was "filed" on June 26, 2010, when Petitioner placed it into the mailing system at his prison. Doc. 1, p. 1. Absent equitable tolling, the petition is untimely.

Section 2244(d) is subject to equitable tolling. <u>Holland v. Florida</u>, 560 U.S. __, 130 S.Ct. 2549, 2560, 177 L.Ed2d 130 (2010). "The burden of proving circumstances

that justify the application of the equitable tolling doctrine rests squarely on the petitioner.  Mere conclusory allegations are insufficient to raise the issue of equitable tolling."  San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir.), *cert. denied*, 132 S.Ct. 158 (2011).

For equitable tolling to apply, Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 and n. 8, 125 S.Ct. 1807, 1814 and n. 8, 161 L.Ed.2d 669 (2005) (citations omitted); Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting Pace); Holland v. Florida, 130 S.Ct. at 2562 and 2565.  A negligent mistake made by a *pro se* petitioner does not give rise to equitable tolling.  Murphy v. United States, 634 F.3d 1303, 1306 (11th Cir. 2011).  Indeed, a negligent mistake made by a petitioner's lawyer does not equitably toll the one year period.  Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).[4]

Petitioner asserts that the petition for writ of habeas corpus and petition for mandamus tolled the time under the statute.  Doc. 6, pp. 2-3, citing cases.  He also asserts if this court "unexpectedly" finds that the mandamus petition did not toll the time, then "consideration of legal confusion would come into play," as recognized in Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).  Since Eleventh Circuit Court case law is not unfavorable to [Petitioner] on the issues as to whether a

---

[4] In Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999), the court found equitable tolling not justified for a § 2255 motion filed beyond the one year AEDPA period, where counsel mailed the § 2255 motion by regular mail less than a week before it was due, and though mail delay was beyond his control, the problem could have been avoided.  177 F.3d at 1272.

petition for writ of mandamus tolls under AEDPA, any legal confusion should result in a legitimate basis for equitable tolling in this case." *Id*, p. 3.  Lawrence did not recognize confusion as a basis for equitable tolling, however; it found the law at the time "belie[d] any clam to legal confusion," and that counsel's miscalculation of the deadline was "simply not sufficient to warrant equitable tolling," noting there was no right to counsel in the § 2254 proceeding.  549 U.S. at 336, 127 S.Ct. at 1085, *citing* Coleman v. Thompson, 501 U.S. 722, 756-57, 111 S.Ct. 2546,115 L.Ed.2d 640 (1991).[5]  It may be that Petitioner made a mistake, thinking that his pursuit of discovery before filing a Rule 3.850 motion would toll the AEDPA time, but his misunderstanding of the law is not a basis for equitable tolling.

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I recommend that the court deny a certificate of appealability in its final order.

---

[5] Coleman reiterated that attorney error could only constitute cause for a procedural default if the error amounted to ineffective assistance of counsel, an independent constitutional violation.  501 U.S. at 755, 111 S.Ct. at 2567.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

 Conclusion

Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss, doc. 18, be **GRANTED**, that this petition for writ of habeas corpus filed by Gary Thomas pursuant to 28 U.S.C. § 2254, challenging his conviction for sexual battery upon a child twelve years of age or older but less than eighteen years of age, by a person in familial or custody authority, case number 2004 CF 309, in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, be **DISMISSED WITH PREJUDICE as untimely filed**, and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on December 7, 2011.

> s/    William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**